IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JESUS MARTINEZ, JR.,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE<br><br><br>Case No. 2:14-CR-517 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant's Motion for Compassionate Release. For the reasons discussed below, the Court will deny Defendant's Motion without prejudice.

　　　　18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

　　　　The Sentencing Commission has been given the responsibility to describe "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."[1] Relevant here, the Sentencing Commission has stated that a defendant "suffering from a serious physical or medical condition" "that substantially diminishes the ability of the defendant to provide self-care within the environment

---

[1] 28 U.S.C. § 944(t).

1

of a correctional facility and from which he or she is not expected to recover" may be considered for a sentence reduction.[2]

Defendant states that he suffers from severe asthma and hypertension. Defendant contends that these conditions, in conjunction with the current COVID-19 pandemic, warrant a sentence reduction. The Centers for Disease Control and Prevention has stated that people with moderate to severe asthma and people with hypertension might be at a higher risk for severe illness from COVID-19. However, Defendant provides no evidence to support his assertion that he suffers from these ailments, and the evidence before the Court does not support his claim. The original Presentence Report indicated that Defendant was in good physical health and was not taking any prescribed medication. The First Step Act Relief Eligibility Report prepared in response to this Motion states that there are no BOP records of Defendant being diagnosed with asthma or hypertension or being prescribed medications for these conditions. Without additional information about the nature and severity of Defendant's health conditions, the Court cannot conclude that Defendant is more susceptible to contracting COVID-19 or suffering a more serious reaction. While the Court is sympathetic to Defendant's concerns, he has not demonstrated extraordinary and compelling reasons for his release.

It is therefore

ORDERED that Defendant's Motion for Compassionate Release (Docket No. 196) is DENIED WITHOUT PREJUDICE.

---

[2] U.S.S.G. § 1B1.13, Application Note 1(A).

2

DATED this 19th day of October, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge